UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JIMMY WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED OF OMAHA | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW Plaintiff, Jimmy Wallace, and for his claims and causes of action against Defendant, United of Omaha Life Insurance Company, states as follows:

## PARTIES

1. Jimmy Wallace ("Wallace") is a resident and citizen of the State of Missouri.

2. United of Omaha Life Insurance Company ("United") is an out of state insurance company authorized to do business in the State of Missouri. The Commissioner of the Missouri Department of Insurance is authorized to accept service of process on behalf of United in this action.

## JURISDICTION AND VENUE

3. Wallace brings his claims pursuant to the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq*.

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

1

6. Venue lies in this district under 29 U.S.C. § 1132(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

## STATEMENTS OF FACT

9. Wallace worked as a Warehouse Associate Forklift Operator for Wagner Logistics ("Wagner").

10. During his employment, Wallace began to suffer from impairments related to his medical conditions. Wallace's ability to perform the duties of his job became compromised by serious medical conditions.

11. Wagner sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

12. The Plan is an employee welfare benefits plan as defined by 29 U.S.C. § 1002(1).

13. The Plan offered disability benefits to qualifying Wagner employees, including Wallace.

14. At all relevant times, Wallace has been a participant and a covered person under the terms of the Plan.

15. Wagner is the administrator of the Plan.

16. Wagner delegated or attempted to delegate the function of issuing the STD and LTD claim determinations to United.

17. Wagner and United entered into an administrative services contract through which Wagner paid United for acting as claim administrator.

18. On September 28, 2022, Wallace applied for LTD benefits. As part of his application for benefits Wallace provided to United his medical providers list, LTD claim forms, his work history, and completed authorizations to obtain information.

19. On January 20, 2023, United denied Wallace's LTD claim.

20. United's denial reasoned that Wallace had not provided everything it needed to complete the review of his claim for benefits. United asked for medical records, completion of a prior coverage form, an Attending Physician Statement form, and an enclosed health questionnaire form.

21. United failed to review Wallace's claim for disability prior to issuing its denial.

22. The Plan provided that employees would be entitled to receive LTD benefits if they became "Disabled" which The Plan defines as follows:

> **Disability and Disabled** mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> b) after the Elimination Period, You are:
> 1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> 2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.
>
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

23. The Plan defines "Material Duties" as follows:

> **Material Duties** means the essential tasks, functions, and operations relating to an occupation that cannot be reasonably omitted or modified. In no event will We consider working an average of more than the required Full-Time hours per week in itself to be a part of material duties. One of the material duties of Your Regular occupation is the ability to work for an employer on a full-time basis.

24. On June 5 2023, Wallace submitted a written appeal of United's denial and provided additional evidence supporting his inability to perform the essential duties of any occupation.

3

25. Wallace's appeal cited numerous medical records, detailing treatment and restrictions rendering him incapable of performing any occupation on a full-time basis.

26. On September 12, 2023, United upheld its denial of benefits.

27. In making its September 2023 decision, United failed to completely and fairly review Wallace's claim for disability or consider relevant medical evidence.

28. At all relevant times, Wallace was and remains "Totally Disabled" under the Plan.

29. Wallace has exhausted all administrative remedies.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

30. Wallace realleges the preceding paragraphs as if fully set forth herein.

31. Wallace is entitled to all unpaid and accrued LTD benefits, as United;

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to properly consider Wallace's medical impairments and resulting limitations;

    c. Ignored evidence that Wallace's conditions have not improved to the present; and

    d. Issued an unfavorable decision that was arbitrary and capricious.

32. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Wallace is entitled to an award of actual damages for losses suffered.

33. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

34. United has not satisfied its obligation to pay Wallace LTD benefits.

35. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Wallace prays for judgment against United for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

## COUNT II
## 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

36. Wallace realleges the preceding paragraphs as if fully set forth herein.

37. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

    "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

38. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

    "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

39. As the Plan's designated claims administrator and entity exercising discretion in claims administration, United is a fiduciary.

40. Wallace participated in United LTD benefits plans as previously indicated.

41. As the payor of benefits and the entity responsible for benefits determinations, United operates under an inherent structural conflict of interest.

42. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs United's actions as a fiduciary.

43. United breached its fiduciary duty in:

    a. Referring Wallace's claim for medical review to persons who were not able to exercise independent thought or judgment, or deviate from United's previously expressed position;

5

b. Referring Wallace's claim for medical review to a person who was not qualified to render any medical judgments or opinions;

c. Engaging in a direct structural conflict of interest by assuming the role of both claim administrator and potential payor of benefits;

d. Engaging in a direct structural conflict of interest by referring Wallace's claim to a person who is directly answerable to United and whose employment and compensation is determined by United; and

e. Failing to comply with its internal guidelines and claims processing procedures. Its claims handlers did not comply with documented instructions involving the administration of disability claims, including its procedures involving coverage and eligibility determinations.

44. United denied Wallace's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

45. United failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with a conflict of interest and breached its fiduciary duty to both Wallace and the Plan's participants and beneficiaries generally.

46. United's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

47. United's violations of regulations alone allow Wallace the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(l)(2)(i).

48. United's violations of federal regulation also subject its decision to *de novo* review.

49. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Wallace prays for an order that United retrain its employees consistent with ERISA fiduciary

obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by United in its fiduciary capacity; for an equitable accounting of benefits that United has withheld; for the disgorgement of profits enjoyed by United in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

    Respectfully submitted,

    BURNETTDRISKILL, Attorneys

    By: /s/ *Derrick A. Pearce*
    Derrick A. Pearce, Mo. # 42793
    Kyle H. Sciolaro, Mo. # 64568
    Paul J. Taylor, Mo. # 72159
    103 W 26th Ave., Ste. 290
    North Kansas City, MO 64116
    P: 816.781.4836
    F: 816.792.3634
    dpearce@burnettdriskill.com
    ksciolaro@burnettdriskill.com
    ptaylor@burnettdriskill.com
    ATTORNEYS FOR PLAINTIFF